UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES TROTT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil No. 05-163-B-W |
| | ) | |
| WARDEN, MAINE STATE PRISON, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

James Trott has filed a 28 U.S.C. § 2254 petition. The Warden has filed a motion to dismiss (Docket No. 6) arguing in the main that the petition is untimely.

The one-year statute of limitation for filing § 2254 petitions is found in 28 U.S.C. § 2244(d)(1). Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Trott's conviction became final on January 22, 2002, upon the expiration of Trott's ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court. Trott, however, had filed a state petition for post-conviction review on November 15, 2001, a collateral proceeding that tolled the running of the deadline within the meaning of section 2244(d)(2) until February 18, 2004, when the twenty-one day period for filing a notice of discretionary appeal from the January 23, 2004, denial of the petition expired. On February 19, 2004, the 28 U.S.C. §2244 statutory one-year deadline began to

run and the year expired on February 19, 2005. Trott's 28 U.S.C. § 2254 petition was not

signed by Trott until October 23, 2005, more than eight months after the expiration of the

§ 2244(d) statute of limitation.  The fact that Trott filed a motion for new trial on March

20, 2003, which was not denied until September 28, 2005, does trigger 28

U.S.C. § 2244(d)(2) tolling.  The Maine Superior Court recognized that Trott's motion

for new trial was untimely because of the two-year deadline in Maine Rule of Criminal

Procedure 33; Trott's new trial motion was not "properly filed" as required by section

 2244(d)(2), see Pace v. DiGuglielmo, __ U.S. __, __, 125 S. Ct. 1807, 1811-14 (2005).

Accordingly, I recommend that the Court **GRANT** Defendant's Motion to Dismiss and

**DISMISS** Trott's 28 U.S.C. § 2254 petition as it is untimely.

<u>NOTICE</u>

     A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum,
within ten (10) days of being served with a copy thereof.  A responsive
memorandum shall be filed within ten (10) days after the filing of the
objection.

     Failure to file a timely objection shall constitute a waiver of the
right to *de novo* review by the district court and to appeal the district
court's order.

December 30, 2005.

                  /s/ Margaret J. Kravchuk
                  U.S. Magistrate Judge